IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| JAMES MITCHELL, Reg. # 09191-025 | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *   No. 2:15CV00067-JJV |
| C. V. RIVERA, Warden, | * |
| FCI - Forrest City Medium | * |
| | * |
| Respondent. | * |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) and Brief and Memorandum of Law in Support (Doc. No. 2) pursuant to 28 U.S.C. § 2241, filed by James Mitchell, an inmate in the Federal Correctional Institution, Forrest City Medium.

**I.   PROCEDURAL HISTORY**

Officers with the Cahokia, Illinois, Police Department arrested Mr. Mitchell on May 15, 2011, and charged him with aggravated unlawful use of a weapon.[1] (Doc. No. 6-1.) At the time of the arrest, Mr. Mitchell was released on bond in three other pending criminal cases.[2] (*Id.*) On the new charge he remained in pretrial detention. Based on same conduct from this new weapon charge, on June 23, 2011, Mr. Mitchell was indicted for being a felon in possession of a firearm in the United States District Court for the Southern District of Illinois.[3] (*Id.* at 18.) He remained in state custody during the pendency of his state and federal cases.

---

[1] The case was charged in St. Clair County, Illinois, Circuit Court, case number 11-DF-653.

[2] St. Clair County, Illinois, Circuit Court, case numbers: 11-CF-27; 11-CF-39; and 09-DT-1402

[3] Case number 11-cr-30117-GPM (SD IL).

On May 14, 2012, Mr. Mitchell pleaded guilty to the federal gun charge and was sentenced to fifty-seven months' imprisonment in the Bureau of Prisons (BOP). (*Id.* at 28-34.) Because his state cases were still pending, the judgment was silent about whether the federal sentence would run concurrently or consecutively to any other sentence. (*Id.*) And although he was temporarily transferred to federal authorities for adjudication of his felon in possession case, he remained in state custody the entire time.

On May 18, 2012, the state dismissed the weapon charge in lieu of federal prosecution, and Mr. Mitchell pleaded guilty to all of his pending state charges. He received a total of forty-two months' imprisonment. The state court ordered his sentences to run concurrently with each other and with the federal sentence. (*Id.* at 38-43.)

Because Mr. Mitchell was in state custody since his arrest, he immediately began serving his state sentence in the Illinois Department of Corrections. He served twenty months in the Illinois Department of Corrections before being paroled (*Id.* at 45) on January 24, 2014. He was immediately transferred into BOP custody to begin serving his fifty-seven month federal sentence. Because Mr. Mitchell was held in state pretrial custody - partly because of conduct related to the firearm offense - the BOP gave him jail credit from May 15, 2011, until May 17, 2012. However, BOP officials refused to run his federal sentence concurrent with his subsequent state sentence.

In September 2014, Mr. Mitchell sought relief from the United States District Court for the Southern District of Illinois. He asked the sentencing court to order *nunc pro tunc* his federal sentence to run concurrently with his state sentence. (*Id.* at 59.) The district court denied his motion because his sentencing judge had retired, the government had no memory of the sentencing, and both the transcript of the sentencing and the judgment and commitment order were silent as to the state and federal sentences running consecutively or concurrently. (*Id.* at 31.) While awaiting a response

from the district court, Mr. Mitchell also asked the BOP to retroactively adjust his sentence. The BOP also denied his request. (*Id.* at 63.)

Mr. Mitchell has now filed the instant Petition for Writ of Habeas Corpus asking this Court to order the BOP to reconsider crediting his sentence *nunc pro tunc* (Doc. No. 1) or simply credit his federal sentence with the time he spent serving his state sentence. (Doc. No. 5.) Respondent has answered (Doc. Nos. 6, 12), so the case is ripe for a decision.

## II.   ANALYSIS

Mr. Mitchell's case presents a convoluted fact pattern but really presents one simple question: should his federal sentence run concurrently to his subsequent state sentence when the federal judgment was silent on this issue. Unfortunately for Mr. Mitchell, by statute, when an inmate is sentenced to multiple sentences, "[m]ultiple terms of imprisonment imposed at different times run consecutively *unless the court orders* that the terms are to run concurrently." 18 U.S.C. § 3584(a) (emphasis added).

So to provide Mr. Mitchell relief, I must find that BOP abused its discretion when it denied Mr. Mitchell's request. *See McCarthy v. Doe*, 146 F.3d 118, 123 (2nd Cir. 1998) (BOP is given broad discretion to grant or deny a request for *nunc pro tunc* relief after the request is given "full and fair consideration"); *Barden v. Keohane,* 921 F.2d 476, 478 (3rd Cir. 1990) (decision to grant *nunc pro tunc* relief is within the discretion of the BOP). After receiving Mr. Mitchell's request, the BOP, following the decision in *Barden v. Keohane,* reviewed the five factors listed in 18 U.S.C. § 3621(b), including factor four, which is "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(4). BOP officials contacted the sentencing court, and the court concluded it lacked jurisdiction because the "judgment [was] silent as to whether Mitchell's term of imprisonment was to run concurrent to any state sentence imposed or to be imposed." (Doc.6-1 at 57.)

3

Understandably, Mr. Mitchell feels an injustice has occurred. He logically believes that, because the state court judge ordered his state sentence to run concurrently with his federal sentence, the BOP should credit him with time he spent serving his state sentence. However, a state court's intent does not bind the BOP. *Ewell v. Fisher*, 716 F.3d 477, 482 (8th. Cir. 2013); *see also Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007).

Although Mr. Mitchell surely disagrees, the BOP acted within its discretion to require the sentences to run consecutively. The BOP performed a review of Mr. Mitchell's situation and received an opinion from the sentencing court. While a harsh result for Mr. Mitchell, the BOP acted in accordance with law, and I find no abuse of discretion. Therefore, Mr. Mitchell's Petition for Writ of Habeas Corpus must be denied.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Mitchell's cause of action is DISMISSED with prejudice and the requested relief is denied.

SO ORDERED this 22nd day of September 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE